# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD TILLMAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Civ. No. 2:18-10642<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

Donald Tillman ("Claimant") seeks judicial review pursuant to 42 U.S.C. § 405(g) and Local Civil Rule 9.1 of a final partially favorable decision by an administrative law judge ("ALJ") of the Commissioner of the Social Security Administration that found him to be disabled after May 18, 2017, but not before. ECF No. [1]; R. at 11–24; R. at 25-41. In the Decision, the ALJ concluded that Claimant: (1) was not disabled during the time period of November 28, 2013 through May 17, 2017; and (2) was deemed to be disabled as of May 18, 2017 based upon the absence of his left eye and the lack of visual acuity that had developed in his right eye. R. at 16; *see also* R. at 20. Claimant now objects to the ALJ's conclusions that he was not deemed to be disabled prior to May 18, 2017. ECF No. [1].

The Court has carefully considered the administrative record, as well as the submissions that have been made in support of and in opposition to the instant appeal. *See* ECF Nos. [10], [14], [15]. Claimant did not file a reply to the Commissioner's brief. *See* ECF No. [11] at 2. There was no oral argument. L. Civ. R. 78.1(b); L. Civ. R. 9.1. For the reasons set forth below, the Decision is **AFFIRMED**.

### I.    BACKGROUND

The Court writes for the parties who are familiar with the facts and the procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

### II.   STANDARD OF REVIEW

On a social security appeal from an ALJ's final decision, the district court conducts plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d

429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Thus, so long as there is substantial evidence to support the Commissioner's findings, district courts must affirm the decision, even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III. DISCUSSION

### A. The Five-Step Sequential Analysis

Title II of the Social Security Act, 42 U.S.C. § 423(a)(1)(D), "provides for the payment of [disability insurance benefits] to persons who have contributed to the program and who suffer from a physical or mental disability." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). In order to establish eligibility for benefits, a claimant has the burden of demonstrating that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) ; 20 C.F.R. § 416.905(a).

The Social Security Administration uses a five-step sequential evaluation to determine if a claimant is entitled to benefits: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether claimant has a severe impairment; (3) whether this impairment meets or equals a listed impairment; (4) whether the impairment prevents claimant from performing her past-relevant work; and (5) whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520, 416.920(e)-(f), Part 404 Subpart P, Appendix 1. Claimant bears the burden of proof for the first four steps, and the burden shifts to the Commissioner as to step five. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007) (citations omitted).

### B. The ALJ's Findings[1]

The ALJ found that as of November 28, 2013, Claimant suffered from an impairment of "low vision right eye (with left eye enucleated)." R. at 17. However, the ALJ noted that prior to May 18, 2017, Claimant "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in" the relevant regulations. R. at 18. The ALJ stated that although Claimant testified he "had to leave his last job because items were blurry and he had difficulty seeing them," vision exams prior to

---

[1] Although Claimant initially included non-vision impairments in his initial statement of contentions, ECF No. [12] at 2, Claimant only raises arguments concerning the extent of his visual impairment on this appeal. ECF No. [14] at 1–8. The Court accordingly need only consider his claim for disability benefits linked to his visual disability. *See Knepp v. Apfel*, 204 F.3d 78, 84 (3d Cir. 2000); *Folger v. Comm'r of Soc. Sec.*, No. 16-1487, 2017 WL 399205, at *15 (D.N.J. Jan. 30, 2017).

2

May 18, 2017, including an exam in March 2015 by Dr. Prinze Mack, did not demonstrate the required intensity, persistence, and limiting effects of his symptoms prior to May 18, 2017 such that Claimant was still at that time capable of performing his past relevant work. The ALJ further determined that:

> Beginning on May 18, 2017, the severity of [Claimant's] impairment has met the criteria of [the relevant regulations].
>
> The ophthalmological consultative examination from May 2017 showed [Claimant's] vision had declined significantly ([citing to R. at 493–96, which is the May 2017 consultative ophthalmological exam record also performed by Dr. Prinze Mack, M.D.]). His distance visual acuity was now 20/100 and near visual acuity was 20/80 (per vision test). His right visual field showed severe generalized depression with a high error rate (VFI 4%). Most significantly, the absolute value of the mean deviation of his visual field test increased from 18.5 (as of the March 2015 examination) to 30.72, passing the value of 22 decibels required to meet the listing . . . . As there is no medical evidence supporting an earlier date when his vision declined past the listing level finding, the undersigned finds May 18, 2017, as the date the listing level requirements were met.

R. at 19–20. The ALJ went on to conclude that Claimant was disabled as of May 18, 2017 due to statutory blindness. R. at 20.

### C. Claimant's Appeal

The substance of Claimant's objection to the Decision is as follows:

> [T]he ALJ . . . did not discuss the issues with [Claimant's] visual field loss at all. The regulations specifically state that when you have a visual disorder that could result in visual field loss such as glaucoma, resthenitis [sic] or optic neuropathy or when you display behaviors that suggest a field loss we need to measure the extent of your visual field loss.
>
> It is respectfully submitted to the Court that the ALJ failed to discuss the elements of [the consultative ophthalmological exam performed in March 2015 by Dr. Mack] that were favorable to [Claimant] and that would indicate that he met the listings of impairment with regard to his vision loss and his statutory blindness.

ECF No. [14] at 8.

Claimant's argument is without merit. The ALJ did in fact discuss the issues with

3

Claimant's visual field loss prior to the date that he was deemed to be disabled, *i.e.*, prior to May 18, 2017. For instance, the ALJ specifically noted that the March 2015 consultative report showed that the "absolute value of the mean deviation of his visual field test was 18.50 dB." R. at 19 (citing to R. at 393–95). Furthermore, the ALJ addressed and gave credence to other medical evidence from consultative professionals that Claimant was not prevented from working prior to May 2017 if Claimant avoided workplace hazards such as unprotected heights. *See Sanchez v. Comm'r of Soc. Sec.*, 705 F. App'x 95, 98-99 (3d Cir. 2017). In addition, the ALJ specifically fond that his visual field test increased from 18.50 dB as of March 2015 to 30.72 dB in May 2017 when the ALJ found Claimant to be disabled. R. at 20. Thus, the ALJ's conclusion that Claimant was not visually disabled before May 18, 2017 was supported by substantial evidence. Moreover, although Claimant was under the care of a treating optometrist prior to May 18, 2017, Claimant has not pointed to evidence to support his contention that he was entitled to disability benefits before May 2017. *See Sanchez v. Barnhart*, 186 F. App'x 187, 191 (3d Cir. 2006).

Giving the ALJ the required due deference, the Court finds that there was substantial evidence to support the ALJ's assessment here that Claimant was not disabled due to a visual impairment before May 18, 2017. The ALJ showed that he considered and analyzed the merits of the opinions provided by the consultative professionals and explained why he gave significant weight to the conclusions set forth in those opinions. *See Kerdman v. Comm'r of Soc. Sec.*, 607 F. App'x 141, 143 (3d Cir. 2015).

Furthermore, the ALJ had the discretion to evaluate Claimant's credibility and to render an independent judgment in light of the ophthalmological findings and the other evidence regarding the extent of Claimant's alleged symptoms before May 18, 2017. *See Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 765 (3d Cir. 2009) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)); *see also Hoyman v. Colvin*, 606 F. App'x 678, 681 (3d Cir. 2015). The Court finds that the ALJ performed the credibility evaluation in this case in a comprehensive manner. The ALJ addressed Claimant's subjective complaints in the Decision and then set forth why he discounted them based on the findings from the ophthalmological consultative exam that occurred before May 18, 2017. R. at 19. Therefore, the Decision must be affirmed.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Decision of the ALJ. The Court will issue an appropriate Order.

WILLIAM J. MARTINI, U.S.D.J.

Dated: September 9, 2019